Lorraine Morey (#029443)
**Morey Law, PLLC**
3877 N. 7th Street, Suite 325
Phoenix, AZ 85007
(602) 464-4808 Telephone
(602) 603-2457 Fax
Lorraine@morey-law.com
*Attorney for Carla Vista Sober Living*
*LLC, Gonzalo Ardavin, and Alisa Ardavin*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victoria Terrazas,<br><br>                    Plaintiff<br><br>v.<br><br>Carla Vista Sober Living, LLC; Gonzalo Ardavin; Alisa Ardavin; and Tom Fay,<br><br>                    Defendants. | Case No.:  2:19-cv-04340-GMS<br><br>**DEFENDANTS' STATEMENT OPPOSING PLAINTIFFS' REQUEST FOR PROTECTIVE ORDER** |

Plaintiffs' counsel's characterization to the Court of the events leading up to their request for a Protective Order prohibiting Defendants or anyone acting on their behalf from communicating with Plaintiff Class members is incomplete.  Plaintiffs rely on inapplicable case law to support their unwarranted request for an Order.  The crux of this dispute is the fact that Defendants' counsel refused to discuss any client communications with Plaintiffs' counsel.

Any restriction on communications that would frustrate the policies of Rule 23 must follow, ". . . a specific record showing by the moving party of the particular abuses by which it is threatened. Moreover, the district court must find that the showing provides a satisfactory basis for relief and that the relief sought would be consistent with the policies of Rule 23 giving explicit consideration to the narrowest possible relief which would protect the respective parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981) (internal citations omitted).   "[A]n order limiting

communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.* at 101.  "In addition, such a weighing—identifying the potential abuses being addressed—should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances." *Id.* at 102.

In the instant case, Plaintiffs rely on case law where the defendants in those cases were the current employers of the putative class members who were at-will employees.   In those cases, the courts recognized the employment relationship between the parties' communications may be deemed coercive and that there may be a power imbalance between an employer and its employees, and the courts thus granted an order prohibiting communications between the parties. Dkt. 47, 2:12-26.

However, in the instant case, none of the Plaintiffs were Defendants' employees nor do they currently provide any services to Defendants.[1]  Thus, there is no employment relationship nor any relationship whereby Defendants would have any "power imbalance" over these Plaintiffs.  There is no inherent cause for fear and confusion, no danger of coercion, nor is there "extreme potential for prejudice to class members' rights." *Id.* at 2:25.

Plaintiffs' counsel acknowledges there is no clear evidence of misconduct and that the withdrawing Plaintiff denied any contact with Defendants.  Plaintiffs' counsel now implores this Court to *assume* misconduct based on nothing more than pure conjecture.

The Court should deny Plaintiffs' request for a Protective Order.

DATED this 6th day of April 2020.

**MOREY LAW, PLLC**
By: */s/ Lorraine Morey*
Lorraine Morey
*Attorney for Defendants*

---

[1]  Defendants maintain that during the time Plaintiffs provided services to Defendants, Plaintiffs were independent contractors and not employees.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants in this matter:

Isaac P. Hernandez
isaac@hdezlawfirm.com

Daniel R. Ortega, Jr.
danny@ortegalaw.com

By: */s/ Lorraine Morey*