**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victoria Terrazas, | No. CV-19-04340-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Carla Vista Sober Living LLC, et al., | |
| Defendants. | |

On April 3, 2020 the Court held an informal telephone conference to discuss Plaintiff's request for a protective order and requested briefing (Doc. 46). Pending before the Court are Plaintiff Victoria Terrazas's Brief Statement in Support of a Request for a Protective Order (Doc. 47) and Defendants' Statement Opposing Plaintiff's Request for Protective Order (Doc. 48). The Request for a Protective Order is granted in part and denied in part.

## BACKGROUND

On March 13, 2020, Plaintiff filed Consent Forms for nine individuals in this Fair Labor Standards Act (FLSA) collective action. (Doc. 42.) Four days later, one of the individuals, "BF," notified Plaintiff's counsel that he wanted to withdraw his consent. In a brief call with Plaintiff's counsel that same day, BF denied any contact with Defendants Carla Vista Sober Living LLC, et al. During meet and confer efforts following Plaintiff's conversation with BF, Defense counsel denied any misconduct but refused to provide written confirmation that neither counsel, Defendants, nor anyone acting on their behalf

would communicate or attempt to communicate with Class Members or Potential Class Members without first providing notice to Plaintiff's counsel.

Plaintiff admits that there "is no clear evidence of inappropriate communication or coercion (given denials of same from BF and Defendants)," but asserts that "the timing of the withdrawal, along with Defendants' staunch refusal to provide the simple written confirmation sought" is "highly suspect and concerning." (Doc. 47 at 2.) Plaintiff accordingly requests an order "prohibiting Defendants or anyone acting on their behalf from communicating or attempting to communicate with Potential Class Members and/or Class Members regarding this Lawsuit or their potential wage claims without giving prior notice to Plaintiffs' counsel." *Id.*

**DISCUSSION**

Federal Rule of Civil Procedure 23(d) governing class actions instructs that, in general, "[i]n conducting an action under this rule, the court may issue orders that . . . impose conditions on the representative parties or on intervenors." F.R.C.P. 23(d)(1)(C).[1] "Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). However, that "discretion is not unlimited." *Id.* In *Gulf Oil*, a case that considered "the authority of district courts under the Federal Rules to impose sweeping limitations on communications by named plaintiffs and their counsel to prospective class members," the Supreme Court held that an order limiting communications between parties and potential class members

> should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties. Only such a determination can ensure that the court is furthering, rather than hindering, the policies embodied in the Federal Rules of Civil Procedure, especially Rule 23. In addition, such a weighing—identifying the potential abuses being addressed—should result in a carefully drawn order

---

[1] Courts have applied the standards and protections regarding communications in the class action context to collective actions under the FLSA. *See, e.g.*, *Zamboni v. Pepe W. 48th St. LLC*, 2013 WL 978935, *2 (S.D.N.Y. 2013) ("The same principles that govern communications with putative class members in a class action under Rule 23 also apply to communications with potential opt-in plaintiffs in a collective action brought under the FLSA."); *Acosta v. Sw. Fuel Mgmt., Inc.*, No. CV164547FMOAGRX, 2018 WL 2207997, at *1 (C.D. Cal. Feb. 20, 2018).

>that limits speech as little as possible, consistent with the rights of the parties under the circumstances.

452 U.S. at 99, 101–02. However, the Court also noted that its decision "regarding the need for careful analysis of the particular circumstances" was "limited to the situation before [it]," and that "the rules of ethics properly impose restraints on some forms of expression." *Id*. at 104 n.21.

The court in *Bower v. Bunker Hill Co.*, 689 F. Supp. 1032, 1033 (E.D. Wash. 1985), relied on this qualification to "distinguish[] *Gulf Oil* on the . . . grounds . . . that the principles underlying the rule against restricting communications between class members and counsel differ depending upon whether it is plaintiff's counsel or defense counsel seeking to communicate." In *Bower*, as here (but unlike in *Gulf Oil*), the *plaintiffs* rather than the *defendants* were seeking to restrict communication between opposing counsel and class members. *Id.* Considering that "class members gain[ed] no benefit from . . . contact" with the defense counsel in that case, and that "the imbalance in knowledge and skill which exist[ed] between class members and defense counsel present[ed] an extreme potential for prejudice to class members' rights," the *Bower* court held that, pursuant to the Code of Professional Responsibility,[2] "defense counsel may not communicate with any class member with respect to matters which are the subject of this litigation without prior consent of class counsel or this court." *Id*. at 1034.

While the Court generally agrees with the *Bower* court's reasoning, this case differs from *Bower* because Plaintiff requests an order prohibiting Defendants—not simply Defense counsel—from communicating with not only class members, but also *potential* class members. The Court is not persuaded that such communication would implicate the Code of Professional Responsibility, as Defense counsel would not be communicating "with a party [they] know[] to be represented by a lawyer in th[is] matter," *Bower*, 689 F.

---

[2] In relevant part, the Code states that "[d]uring the course of his representation of a client a lawyer shall not . . . [c]ommunicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so." *Bower*, 689 F. Supp. at 1033.

Supp. at 1033, if they communicated with as-yet unrepresented potential class members. With respect to Plaintiff's request for an order prohibiting communications from Defendants (rather than only their counsel) to class members, this case does not implicate concerns raised by other cases cited by Plaintiff that "employer-employee contact is particularly prone to coercion," *Acosta v. Sw. Fuel Mgmt., Inc.*, No. CV164547FMOAGRX, 2018 WL 2207997, at *1 (C.D. Cal. Feb. 20, 2018), because Plaintiff and other class members are no longer employed by Defendants. However, the Court is not persuaded that simply because there is no "current[] . . . employment relationship" between class members and Defendants that there is "no inherent cause for fear and confusion" or "danger of coercion," (Doc. 47 at 3), in Defense *counsel* communicating with class members.

**IT IS THEREFORE ORDERED** the Request for a Protective Order (Doc. 47) is granted in part and denied in part, as discussed above, prohibiting Defense counsel or anyone acting on their behalf from communicating or attempting to communicate with class members regarding this lawsuit or their potential wage claims without giving prior notice to Plaintiff's counsel.

Dated this 22nd day of April, 2020.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge